UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**DE'ANDRE HOPSON**                                                                                 **PLAINTIFF**

**v.**                                   **CIVIL ACTION NO. 3:12CV-451-H**

**CASH CRASH** *et al.*                                                   **DEFENDANTS**

## MEMORANDUM OPINION

Plaintiff De'Andre Hopson filed a *pro se* complaint pursuant to Title VII of the Civil Rights Act of 1964, alleging employment discrimination on the bases of race, religion, and retaliation. As Defendants, he names Cash Crash, Adam Solinger, Robert Hump, Mike Watts, Robert Kleinfield, and "Amy secretary at Cash Crash." As relief, Hopson requests "Cash Crash company to give me my checks due, stop theft of services, return my material TV commercials, also radio adds, also to refraine from stalking me. And paying different attorneys to try railroad me for nothing due to haveing these money from real estate."

Because Plaintiff is proceeding *in forma pauperis*, meaning without payment of the filing fee, this Court must review the complaint pursuant to 28 U.S.C. § 1915(e)(2). *See McGore v. Wrigglesworth*, 114 F.3d 601, 604-05 (6th Cir. 1997). On review, a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Upon consideration, the Court will dismiss the complaint for failure to state a claim.

"It is well settled that a plaintiff must satisfy two prerequisites before filing a Title VII action in federal court: (1) timely file a charge of employment discrimination with the EEOC [Equal Employment Opportunity Commission];[1] and (2) receive and act upon the EEOC's statutory notice of the right to sue ('right-to-sue letter')." *Granderson v. Univ. of Mich.*, 211 F. App'x 398, 400 (*citing Puckett v. Tenn. Eastman Co.*, 889 F.2d 1481, 1486 (6th Cir. 1989)). Plaintiff does not indicate that he filed a charge of discrimination against any named Defendant or that he obtained a right-to-sue letter from the EEOC or provide documentary evidence of such a letter. As such, this action will be dismissed without prejudice for failure to exhaust administrative remedies. *EEOC v. Frank's Nursery & Crafts, Inc.*, 177 F.3d 448, 456 (6th Cir. 1999) ("An individual may not file suit under Title VII if []he does not possess a 'right to sue' letter from the EEOC.") (citing *Rivers v. Barberton Bd. of Educ.*, 143 F.3d 1029, 1032 (6th Cir. 1998)).

The Court will enter a separate Order dismissing this action.

Date:

cc: Plaintiff, *pro se*
4412.005

---

[1] To the Title VII complaint, Plaintiff attaches a Charge of Discrimination filed only five days prior to the filing of the instant action. The charge, however, is against "Aguiar Law Office," which is not a party to this action, and Plaintiff has filed no right-to-sue letter. Nothing in this opinion prohibits Plaintiff from filing a separate action against this employer following receipt of the right-to-sue letter should Plaintiff so desire.